```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

CYNTHIA DIANA WILLIAMS HURST,   :
                                :
    Plaintiff,                  :
vs.                             :   CIVIL ACTION 07-0088-KD-M
                                :
MOBILE COUNTY METRO JAIL,       :
et al.,                         :
                                :
    Defendants.                 :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint together with a Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(d), and is now before the Court for Plaintiff's failure to pay the filing fee and to comply with the Court's Order.

Upon review of Plaintiff's Motion to Proceed Without Prepayment of Fees, the Court found that payment of the $350.00 filing fee would not cause an undue hardship on Plaintiff (Doc. 2). On March 29, 2007, the Court ordered Plaintiff to pay the $350.00 filing fee not later than April 27, 2007 (Doc. 3). Plaintiff was warned that her failure to comply with the Order within the prescribed time would result in the dismissal of her action for failure to prosecute and obey the Court's Order. Plaintiff has not paid the filing fee, nor has she otherwise responded to the Court's Order.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil


Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983).  <u>Accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the

>objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 17th day of May, 2007.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE